## H. J. TEARNEY v. STATE.
### No. A-3227.    Opinion Filed Dec. 23, 1919.
### (185 Pac. 1104.)

Appeal from County Court, Tulsa County; H. L. Standeven, Judge.

H. J. Tearney was convicted of the unlawful possession of intoxicating liquors, and he appeals. Reversed.

Nelson & Blair, for plaintiff in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted on a charge that he did have in his possession nine half pints of whisky with intent to sell the same, and his punishment fixed at a fine of $50 and 30 days' confinement in the county jail. From the judgment rendered on the verdict he appeals. Upon the record in this case, the sole question presented is the sufficiency of the evidence to sustain the verdict. The state relies for this conviction upon the evidence of two police officers of the city of Tulsa.

H. H. Townsend testified that the defendant conducted a rooming house at 109½ South Cincinnati street, in the city of Tulsa, and conducted a restaurant across the street, and in serving a search warrant he found nine half pints of whisky in room No. 9 of the rooming house; that it was in a dresser drawer covered with heavy pieces of wrapping paper; that he arrested the defendant's wife and took her to the station, and the defendant appeared and said he ran the place; that the reputation of the place had been getting bad 60 days prior to the raid.

Cross-examined, he stated that he had talked about the reputation of the rooming house with one man in that vicinity.

T. L. Powell testified that he was present when nine half pints of whisky were found in a dresser drawer in room No. 9; that he had raided the place before and never found any whisky while the defendant owned the rooming house; that he examined the register and found somebody registered in room No. 9.

As a witness in his own behalf, the defendant testified that he ran the rooming house and restaurant across the street and had been running the same for about a year; that every one was required to register when they took a room; a man by the name of White was registered and occupied room No. 9 for several months; he always paid his room rent weekly; was an oil field worker, and would be sometimes out at work four or five days without returning; that his rooming house consisted of 18 rooms. He denied any knowledge of the whisky found.

Mrs. H. J. Tearney testified that she conducted the rooming house; that Mr. White had room No. 9 for several months prior to the time the raid was made; the room was always locked during his absence; that he usually left the key over the transom, but this time had the key with him.

Earl Howard testified that he is a son-in-law of the defendant; lived at the rooming house with his wife for more than a year; knew of his own personal knowledge that Mr. White occupied room No. 9.

There is no conflict of evidence in the case. The undisputed facts, taken singly or as a whole, are not inconsistent with the innocence of

the defendant. Conceding that they show constructive possession of the whisky found, there is no competent evidence tending to show an intent to sell the same. Upon the whole case, we are clearly of opinion that as a matter of law the evidence is insufficient to sustain the conviction.

The judgment herein is therefore reversed.